Jacob Carl ODEWAHN, Petitioner,

v.

Hon. Frank A. ROPKE, Judge, Jefferson Circuit Court, Criminal Division, Respondent.

Court of Appeals of Kentucky.

Dec. 18, 1964.

James Franklin McKinney, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for respondent.

Jacob C. Odewahn, pro se.

Carl C. Ousley, Jr., Louisville, for appellee.

DAVIS, Commissioner.

The petitioner filed this original proceeding here on December 7, 1964; the respondent judge filed response on December 11, 1964. Petitioner seeks an order for his own personal attendance at the preliminary hearing on the Commonwealth's motion to dismiss the RCr 11.42 proceeding. The question presented became moot before the case was ready for submission; our attention was not called to the time factor by the petitioner.

On December 2, 1964, petitioner filed in Jefferson Circuit Court, Criminal Branch, First Division, a motion to vacate a judgment of conviction rendered against him in that court. RCr 11.42. In the response filed by Judge Ropke we are informed that the Commonwealth has filed a motion to dismiss the RCr 11.42 proceeding, and that hearing upon the motion to dismiss was assigned for December 10, 1964. Judge Ropke's response was not filed here until December 11, 1964—one day after the scheduled date for hearing on the motion to dismiss the RCr 11.42 proceeding. The case is moot now.

However, we take this opportunity to point out that there are at least two other reasons why the relief sought is not available to the petitioner by way of the extraordinary procedure here employed. First, the petition fails to reflect that the petitioner made application to the respondent for an order permitting the presence of petitioner at the preliminary inquiry as to whether a hearing should be granted and counsel appointed. Second, unless the RCr 11.42 motion shows upon its face the existence of a valid ground for providing counsel and affording a hearing, the motion may be dismissed without appointing counsel or granting a hearing. Cf. Jennings v. Commonwealth, Ky., 380 S.W.2d 284.

The United States Supreme Court, in dealing with the comparable postconviction procedure provided by 28 U.S.C. § 2255, has said:

"On remand, a hearing will be required. This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court." Sanders v. United States, 373 U.S. 1, at 20, 83 S.Ct. 1068, at 1080, 10 L.Ed.2d 148 (at 164).

In Sanders, the Supreme Court reaffirmed the position it had taken in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, in which it had written:

" 'What has been said is not to imply that a movant [under § 2255] must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court.' " 368 U.S. 487, 495, 82 S.Ct. 510, 514. (373 U.S. 21, 83 S.Ct. 1080, 10 L.Ed.2d 165.)

We think the same reasoning is applicable to situations arising under RCr

11.42 motions. It is not every filing of an RCr 11.42 motion which will entitle the movant to appear in person in the court. Only upon those cases wherein it is determined that counsel should be appointed and a hearing granted will it be necessary, usually, for the movant to be in court by his own proper person. Conceivably, other situations could arise where the personal appearance would be appropriate, but such is not the case at bar.

Mandamus denied.