**Earl MAYE, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1965.

Earl Maye, Jr., pro se.

Robert Matthews, Atty. Gen., Charles W. Runyon, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Earl Maye, Jr., brings this appeal pro se and in forma pauperis from a judgment overruling his RCr 11.42 motion to vacate his conviction and sentence to life imprisonment on a charge of armed robbery, KRS 433.140.

When the grounds stated in an RCr 11.42 motion, even if found true, would not be sufficient to invalidate the judgment, the motion may be overruled without a hearing.[1] Cf. Oakes v. Gentry, Ky., 380 S. W.2d 237 (1964). See also Odewahn v. Ropke, Ky., 385 S.W.2d 163 (1964) and the U. S. Supreme Court decisions therein cited. In such a case the movant, though indigent, is not entitled to the appointment of counsel. Jennings v. Commonwealth, Ky., 380 S.W.2d 284, 286 (1964). Neither is he entitled to a hearing or to appointed counsel if the material issues of fact can be determined from the face of the record. RCr 11.42.

The motion in this case was overruled on the basis of the record, without a hearing. Our review therefore is directed to the existence, vel non, of any material issue of fact that could not fairly have been resolved from the face of the record.

The grounds stated in the motion were, in summary, as follows: (1) Denial of effective assistance of counsel in that the appointment of an attorney to defend mov-

ant was made one day before the trial, so that he did not have reasonable time and opportunity to prepare a defense; (2) Improper disclosure during the trial, and reference thereto by the prosecuting attorney in his summation to the jury, of movant's prior convictions of other offenses; (3) Failure of the court to instruct the jury properly and in writing; (4) Insufficiency of the evidence to support a conviction; and (5) The verdict was against the law and the evidence.

Grounds (2) through (5) embrace mere errors, none of which are of such proportion as to invalidate the judgment. Hence they do not call for a hearing under RCr 11.42. Nevertheless, we are fortunate in having the record of the original proceeding before us on this appeal (as it should be in all cases where reference to it is necessary), and are able to say without reservation that the factual allegations of the motion are largely untrue[2] and do injustice to the judge and attorneys who participated in the trial.

Ground (1), though it states a constitutional violation, is refuted on the face of the record in the form of an order entered on February 19, 1962, showing that the movant was brought into open court and arraigned, entered a plea of not guilty, and was then and there represented by counsel, Hon. W. R. Gentry, Jr. By the same order his trial was set for February 27, 1962. The record further discloses that he was tried on the appointed day and that his defense was conducted by Mr. Gentry. There was no motion for a continuance.

In his brief on this appeal[3] the movant states that the order of February 19, 1962, misrepresents the facts in that Mr. Gentry was appointed by the court on that date

1. With reference to RCr 11.42 the word "hearing" means a hearing at which the movant is present.

2. The proof of and reference to prior convictions were permitted for purposes

of impeachment, movant having testified in his own behalf.

3. We consider the statements in the brief only because it is apparent that the movant did not have access to the record at an earlier stage of the proceeding.

only to assist him during the arraignment. He goes on to say that the same attorney was employed by the movant's co-defendant, one Luther Rhodes, and was not really appointed to defend the movant at his trial until February 26; that counsel moved for and was granted separate trials for the two defendants and elected to go first with the movant, who was convicted; and that Rhodes was tried later and acquitted.

 In view of the movant's admission that there actually was some kind of appointment of Mr. Gentry on February 19, the most that could be said is that he misunderstood its import. When counsel is appointed to represent an indigent in this jurisdiction he is to assist him throughout the proceeding, unless and until otherwise directed by an order of the court before which the cause is pending at the time of the latter order. Moreover, even if counsel was not appointed until February 26, evidently he did not feel that a continuance was necessary, since he did not ask for it. Indeed, we do not see what good it would have done anyway. The movant appears oblivious to the fact that he had made a big, fat, written confession incriminating himself beyond any hope of salvation at the hands of any lawyer in any court. Though he testified that he was "forced" to make the confession he does not in this proceeding question its integrity.

The statements contained in the movant's brief on this appeal raise one specter that moves us to utter a word of caution to the trial bench in general with respect to appointing for one defendant an attorney who is representing his co-defendant. In such cases there is always a possibility, and usually a probability, of conflicting interests between the two,[4] and only separate counsel can protect each from possible advantage by the other. Particularly is this true when counsel is being paid by one and not the other. In so saying,

we do not suggest that in this particular case the movant did not receive proper representation from the attorney who was appointed to and did defend him.

The judgment is affirmed.

---

4. See, for example, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 92 L. Ed. 232 (1952). In the instant case it seems quite probable that Rhodes and the movant had conflicting stories. Rhodes did not testify.