Roy MAGGARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1965.

Roy Maggard, pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Roy Maggard appeals from a judgment of the Pulaski Circuit Court overruling his RCr 11.42 motion to vacate the judgment pursuant to which he is imprisoned at the Kentucky State Penitentiary. The motion was overruled on the basis of the record. The question is whether appellant was entitled to a hearing.

It has been settled that a movant under RCr 11.42 is not entitled to appointed counsel or to a hearing if his motion on its face does not allege facts which, if true, render the judgment void. Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965); Odewahn v. Ropke, Ky., 385 S.W.2d 163 (1964). It is likewise unnecessary for the court to order a hearing if the material issues of fact can fairly be determined on the face of the record. Cf. RCr 11.42(5). Although the Commonwealth did not answer in this case, and thus failed to create any issues of fact, still we think the movant cannot prevail by default if his allegations are refuted by the record.

Appellant was indicted in September 20, 1949, for wilful murder. He was tried before a jury on October 7, 1949, and was found guilty and sentenced to life imprisonment.

The grounds stated in the motion were as follows: (1) By reason of the shortness of the interval between the indictment and the trial appellant was deprived of suffi-cient time to obtain competent counsel or to prepare a defense; (2) Appellant was denied counsel during interrogation by the sheriff and was forced to sign a statement while intoxicated; (3) Appellant was denied the right to an examining trial and formal arraignment, and the indictment was not read to him before the date of the trial; (4) There was improperly introduced in evidence against appellant a statement made by one Pat Parson, a convicted perjurer; (5) The indictment was void; (6) The court did not instruct the jury on the whole law of the case; and (7) The jury was prejudiced against appellant.

The record shows that appellant was represented by counsel at his trial, that both sides announced ready and arraignment was waived. In his brief before this court appellant says the indictment was read to him in the county jail by the sheriff on September 21, 1949. It is not alleged that a continuance was requested. Grounds (1) and (3) obviously do not stand up against the record. The indictment apparently having been returned pursuant to a direct submission of evidence before the grand jury, there was neither occasion for nor a right to an examining trial.

Confessions obtained under circumstances as alleged in ground (2) have been inadmissible in this state from time immemorial, and had such a confession been offered in this case it could have been excluded on timely objection. If the confession actually had been obtained illegally, and the court had nevertheless admitted it over objection, the error would have been a ground for reversal on direct appeal but not fatal to the validity of the proceedings. Cf. King v. Commonwealth, Ky., 387 S.W. 2d 582, 584 (1965).

Grounds (4) and (6) are in the same category as ground (2). They allege mere errors falling short of a denial of due process. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965); Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965).

Ground (5) is refuted by the record. The indictment was perfectly proper.

In the absence of specific reasons why the opportunity of examining the jurors on voir dire, the concomitant right to challenge for cause, and the right to seek a change of venue were not ample and sufficient protection against prejudice on the part of the jury, ground (7) is a vaporous allegation without sufficient substance to warrant inquiry.

The judgment is affirmed.