ly was the proximate cause of the accident. See Cargo Truck Leasing Company v. Piper, Ky., 394 S.W.2d 472. At least there was substantial evidence which would permit the Board of Claims to draw that conclusion.

■ Appellants contend that the particular muddy spot upon which she skidded was a hidden defect and rely upon Commonwealth, Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S.W.2d 695. Obviously that case is not applicable because there the plaintiff had no notice of any kind of the existence of a dangerous condition. Here the appellant driver had notice not only from signs and flagmen but also as a result of her own observation. Being aware of the hazard, there is no sound basis for her claim that the cause of the accident, as a matter of law, was the negligence of the Highway Department.

The judgment is affirmed.

Frank Carter, in pro. per.

Robert Matthews, Atty. Gen., Harold T. Hotopp, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

The trial court overruled, without a hearing, the motion of Frank Carter under RCr 11.42 to vacate the judgment of conviction under which he is serving a 21-year sentence for armed assault with intent to rob. Carter has appealed.

**Frank CARTER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

■ The motion asserted that Carter was charged with armed robbery, for which the only permissible penalties are life imprisonment or death, and that the 21-year sentence therefore is void. However, the record of the trial completely refutes this— it shows that the indictment was for assault with a deadly weapon with intent to rob. That the indictment may have been defective in form would not be a ground for relief under RCr 11.42. King v. Commonwealth, Ky., 387 S.W.2d 582.

■ The trial court properly overruled the motion.

 Carter had made a previous motion to set aside the judgment, which had been overruled. He seems to be under the impression that the present appeal embraces that ruling. It does not. However, we have examined the previous motion and we find nothing in it that would have entitled Carter to a hearing.

The judgment is affirmed.

**Leslie W. TUSSEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Leslie W. Tussey, pro se.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an anomalous action by Leslie W. Tussey for himself which we will treat, as the Commonwealth did, as an appeal of Tussey's conviction for homicide. He was sentenced to fifteen years in the penitentiary.

Tussey complains that the trial court abused its discretion in failing to grant him a continuance. The record discloses that Tussey was indicted on January 12, 1965, six days later was supplied with the names of twelve witnesses who would testify against him on behalf of the Commonwealth, and the case was set for trial on February 4, 1965. On that date both the Commonwealth and the defendant answered ready for trial. All of these witnesses were available to Tussey and his counsel, and we find no abuse of discretion on the part of the trial court in refusing to grant a continuance. Short of such a showing, the action of the trial court should not be disturbed. Minix v.