**Ray CARTER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 24, 1966.

Ray Carter, pro se.

Robert Matthews, Atty. Gen., Robert Preston, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Ray Carter, a prisoner at Eddyville Penitentiary, appeals from the order overruling his RCr 11.42 motion to vacate the judgment of conviction. The motion was overruled without an evidentiary hearing.

Carter was convicted of uttering a forgery, as denounced by KRS 434.130. Upon his plea of guilty he was sentenced to imprisonment for five years. The record of the convicting court reflects that Carter was represented by court-appointed counsel in the proceedings.

The RCr 11.42 motion asserts that the sentence was imposed on Carter " * * * in violation of the sixth amendment to the Constitution of the United States of America and section eleven of the Constitution of the Commonwealth of Kentucky, in that the Court, on arraignment failed to inform the Defendant of the nature and cause of the accusations against him, to wit: the date on which the alleged utterance for which Defendant was convicted and sentenced, was never communicated by said Court to this Defendant."

The bald assertion by Carter is flatly refuted by the record. The trial order contains in part the following pertinent wording:

"The Defendant, Ray Carter, having been arraigned and by agreement with the Commonwealth through his court-appointed attorney, Ted H. Lavit, the Defendant waived his rights to a trial by jury and entered a plea of guilty to the charge in the indictment."

The indictment reflects the date of the alleged offense. Arraignment in Kentucky is accomplished in open court, and consists of reading the indictment to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. The defendant shall be furnished a copy of the indictment or information before he is called upon to plead. RCr 8.02. As noted, the record recites that Carter was "arraigned." Carter's RCr 11.42 motion admits that the only error of which he complains occurred "on arraignment," and was the asserted failure of the trial judge to ap-

prise him of the date of the charged offense.

Even if the court failed to tell Carter the date charged in the indictment we think the failure would not ipso facto constitute a deprivation of a constitutional right or amount to a denial of due process.

In this state of case it was proper to overrule the RCr 11.42 motion without an evidentiary hearing. Maggard v. Commonwealth, Ky., 394 S.W.2d 893; Maye v. Commonwealth, Ky., 386 S.W.2d 731; Odewahn v. Ropke, Ky., 385 S.W.2d 163.

The judgment is affirmed.