**Arthur Edward PENN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Joseph S. Freeland, Paducah, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, J. Albert Jones, Paducah, for appellee.

CLAY, Commissioner.

Appellant was convicted of "office breaking" and attempting to open a safe by force. On this appeal he raises two questions.

It is first contended the trial court erred when appellant was denied the right to introduce in evidence a written offer made by him to submit to a polygraph (lie detector) test. There are several reasons why such an offer is inadmissible.

In the first place, we have recognized that polygraph tests have not attained sufficient scientific recognition of dependability and reliability to make admissible in evidence the results of such a test. Dugan v. Commonwealth, Ky., 333 S.W.2d 755; Conley v. Commonwealth, Ky., 382 S.W.2d 865. This being true, an offer to take such a test (or refusal) has no evidentiary significance whatever.

A further objection to the admissibility of such an offer is that, since the result of such a test is inadmissible, the offer constitutes no more than a self-serving statement of the character condemned as incompetent. See Carter v. Commonwealth, 260 Ky. 538, 86 S.W.2d 290.

While this question has not been heretofore passed on in this state, other jurisdictions consistently have rejected evidence tending to establish that an accused was either willing or unwilling to take a lie detector test. See 95 A.L.R.2d 819. This ground of error is without merit.

The second contention is that the trial court should have directed a verdict in appellant's favor on the charge of attempting to open a safe by force on the ground that the evidence was insufficient to support this charge. KRS 433.130 makes unlawful the attempt to open a safe "by means of explosives or any other force".

Here the safe involved had been removed from an office and was abandoned in front of the office building. A crowbar was found in the office from which the safe was taken. The safe itself had dents on it, some paint had been "knocked off", and there was testimony that it appeared "something had hit it". There was ample evidence that a forcible attempt had been made to open it. See Alford v. Commonwealth, 240 Ky. 513, 42 S.W.2d 711; Easley v. Commonwealth, Ky., 320 S.W.2d 776.

The judgment is affirmed.

All concur.