**Arthur Edward PENN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 10, 1968.

James W. Owens, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., for appellee.

PALMORE, Judge.

In Penn v. Commonwealth, Ky., 417 S.W. 2d 258 (1967), we affirmed a judgment of the McCracken Circuit Court sentencing appellant to a total of seven years in the penitentiary pursuant to a jury verdict finding him guilty of unlawfully breaking into an office (KRS 433.190) and attempting to open a safe (KRS 433.130). He now appeals from a subsequent order denying relief under RCr 11.42. The theory on which he claims entitlement to such relief

is that he was denied the effective assistance of counsel.

Penn being financially unable to employ counsel, the trial court appointed an able and experienced attorney—in fact, an outstanding practitioner—to represent him. That attorney conducted his trial and prosecuted his appeal to this court. The record certainly does not evince any suggestion of ineptitude or lack of zeal in his performance. When the RCr 11.42 motion now before us was filed the trial court again provided counsel for Penn's assistance, and again he has been ably represented in both the trial court and this court.

The basis for the allegation that Penn was denied the effective assistance of counsel in the earlier proceedings is that the trial attorney did not attack the indictment, the instructions and the ultimate convictions on the ground that the breaking and entering and the attempt to open a safe were parts of one and the same act and could not legally be split into two offenses. This, it is contended, was an oversight of constitutional proportions.

This court meant what it said in Rice v. Davis, Ky., 366 S.W.2d 153, 156 (1963), that counsel's representation must be "so lacking in competence that it becomes the duty of the court to observe such a condition and correct it * * * In all cases decided on this subject, the circumstances surrounding the trial must be such as to shock the conscience of the court and make the proceeding a farce and a mockery of justice." We reiterate it now. RCr 11.42 motions attempting to denigrate the conscientious efforts of counsel on the basis that someone else would have handled the case differently or better will be accorded short shrift in this court.

The order is affirmed.

All concur.