Robert G. STEVENSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

Rehearing Denied Nov. 7, 1969.

John C. Ryan, Frankfort, for appellant.

John Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Robert G. Stevenson's motion under RCr 11.42 to vacate a 1967 judgment of conviction of armed robbery under which he is serving a 21-year sentence was overruled by the circuit court without response having been filed and without a hearing. On this appeal by Stevenson from the order overruling his motion counsel was appointed for him by this court.

The principal ground for relief stated in Stevenson's motion was a denial of effective assistance of counsel prior to and upon his trial. He alleged that counsel was appointed for him but that the counsel: (1) Conferred with him on only two occasions, once six months before the trial and once five minutes before the trial; (2) refused to come to the jail at Stevenson's request to confer with him; (3) refused to subpoena witnesses or to seek a postponement because of the absence of witnesses; (4) advised Stevenson not to plead double jeopardy, based upon a previous conviction of the same offense; and (5) failed to take an appeal after promising that he would do so and after having advised Stevenson to reserve certain defenses for presentation on appeal.

In our opinion the allegations of the motion were sufficiently specific and collectively were so substantial that if all were true they would entitle Stevenson to relief from the judgment. Therefore a hearing should have been held to determine the truth of the allegations. See Schroader v. Thomas, Ky., 387 S.W.2d 312; Lawson v. Commonwealth, Ky., 386 S.W.2d 734. The allegations go further than merely to question the judgment or legal competency of counsel; they charge in effect such an indifference or lack of concern on the part of counsel as to amount to practically no real representation, in a case in which a death sentence could have been imposed and in which the actual sentence was eleven years above the minimum, KRS 433.140. Accordingly, the allegations on their face make out a potential case of a farce and a mockery within the rule stated in Penn v. Commonwealth, Ky., 427 S.W.2d 808.

We hold that Robinson was entitled to a hearing on his motion. As to whether his presence will be required at the hearing see Odewahn v. Ropke, Ky., 385 S.W.2d 163.

The order appealed from is reversed with directions for further proceedings in conformity with this opinion.

EDWARD P. HILL, MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.