**Timothy Lee HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 2, 1969.

The petition was dismissed from which judgment Harris appeals. We affirm.

■ The record clearly refutes the contention that he was convicted of a charge for which he was not indicted. Carter v. Com., Ky., 397 S.W.2d 165 (1965) and Kiper v. Com., Ky., 415 S.W.2d 92 (1967).

■ Insufficiency of evidence is not a ground for relief authorized by RCr 11.42. Neither is the rule a substitute for appeal nor does it permit a review of all of the alleged trial errors. Kiper v. Com., supra; Maye v. Com., Ky., 386 S.W.2d 731 (1965); Henry v. Com., Ky., 391 S.W.2d 355 (1965) and Adams v. Com., Ky., 424 S.W.2d 849 (1968).

Perceiving no error in the judgment of the trial court we affirm.

All concur.

---

Timothy Lee Harris, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Timothy Lee Harris was indicted for violating KRS 433.220 (grand larceny) and KRS 433.290 (knowingly receiving stolen property). On trial the charge of knowingly receiving stolen property was dismissed but the jury found Harris guilty of grand larceny. Judgment was entered according to that verdict and Harris is now in prison.

Pursuant to RCr 11.42 he petitioned the Christian Circuit Court for his release on two grounds. He claimed that he was convicted of grand larceny under an indictment charging only that he had knowingly received stolen property and that the testimony against him was not corroborated.