**552**

**Joe Wallace PAGE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

Joe Wallace Page, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Appellant was convicted in the Warren Circuit Court of willful murder on January 15, 1957, and was sentenced to life imprisonment. He appealed to this court. The judgment was affirmed in Page v. Commonwealth, Ky., 317 S.W.2d 879 (1958). Appellant sought post-conviction relief under RCr 11.42. He appeals from an order overruling his motion. We affirm.

Appellant complains of error on the grounds that: (1) His court-appointed counsel was ineffective; (2) he was convicted on the uncorroborated testimony of an accomplice; and (3) he was questioned improperly on cross-examination.

■ Numerous allegations are made concerning the ineffective assistance of court-appointed counsel. We have examined the original trial record and the proceedings on the original appeal, as well as the record on this appeal. We are convinced that the appellant had adequate and effective representation.

In Penn v. Commonwealth, Ky., 427 S.W.2d 808 (1968), this court stated:

"* * * counsel's representation must be 'so lacking in competence that it becomes the duty of the court to observe such a condition and correct it * * * In all cases decided on this subject, the circumstances surrounding the trial must be such as to shock the conscience of the court and make the proceeding a farce and a mockery of justice.'"

See also Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (1969).

■ Appellant complains that he was convicted on uncorroborated testimony of an accomplice and that he was questioned improperly on cross-examination. This court said in Harris v. Commonwealth, Ky., 441 S.W.2d 143 (1969):

"Insufficiency of evidence is not a ground for relief authorized by RCr 11.-42. Neither is the rule a substitute for appeal nor does it permit a review of all of the alleged trial errors. Kiper v. Com., supra [Ky., 415 S.W.2d 92]; Maye v. Com., Ky., 386 S.W.2d 731

(1965); Henry v. Com., Ky., 391 S. W.2d 355 (1965) and Adams v. Com., Ky., 424 S.W.2d 849 (1968)."

The appellant had a fair trial with effective counsel. The trial court, without an evidentiary hearing, properly overruled the motion to vacate conviction.

Judgment affirmed.

All concur.