**William Randolph CINNAMON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

William Randolph Cinnamon, pro se.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

William Randolph Cinnamon appeals from a judgment denying postconviction relief under CR 60.02 or RCr 11.42.

On June 7, 1965, ostensibly pursuant to pleas of guilty, Cinnamon was given a 5-year sentence on one of 16 counts of an indictment charging various felonies and misdemeanors, and at the same time was given 12-month jail sentences on two of the misdemeanor counts. The remaining charges were "filed with leave to reinstate." The 5-year sentence was probated and the judgment provided that the two jail sentences were to run consecutively. Since that time the appellant has been a busy customer of both the trial court and this court. According to our records, on June 7, 1967, he received two further 5-year sentences, to run concurrently, which were the subject of an RCr 11.42 proceeding in which a denial of relief was affirmed by this court on February 2, 1968, and certiorari was denied by the United States Supreme Court on June 17, 1968. He is now attacking the 1965 judgment. Meanwhile we have entertained at least three mandamus cases and one habeas corpus proceeding. The welcome mat is wearing thin.

What the appellant seems to be trying to say now is that he pleaded guilty only on the felony count, but not on the two misdemeanor counts, for which reason the trial court (1) did not have jurisdiction to impose the two 12-month sentences and, (2) in any event, could not adjudge more than the minimum statutory punishment without the intervention of a jury. Having served the sentences in question, he asks that he be given credit, toward the unrelated sentence now being served, for the time served under them.

The judgment shows and the appellant concedes that he was represented

by employed counsel. If it did not accurately reflect what appellant and his counsel understood to be the substance of the settlement agreed upon with the Commonwealth, that was the time and place to have it straightened out. One of the main purposes of having the assistance of counsel is to insure against misunderstandings. We must and do presume that appellant's lawyer understood the judgment, and if it was not correct he had a timely opportunity to appeal. A postconviction proceeding under RCr 11.42 or CR 60.02 is not a substitute for an appeal. Harris v. Commonwealth, Ky., 441 S.W.2d 143 (1969).

Upon a plea of guilty the court may fix the penalty without the intervention of a jury except in cases involving offenses punishable by death. RCr 9.84. There was nothing improper about the sentences imposed in this case.

The judgment is affirmed.

All concur.