**Elmer R. BRUNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Elmer R. Bruner, pro se.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

Elmer Ray Bruner appeals from an order of the Jefferson Circuit Court denying, without evidentiary hearing, his motion to vacate a judgment under which he was sentenced to confinement for a term of twenty-one years. RCr 11.42.

At his trial the appellant was represented by counsel and entered a plea of guilty. He now seeks postconviction relief on the following grounds: (1) he was denied his right to a speedy trial; (2) he lacked adequate and effective assistance of counsel; (3) trickery of his counsel induced his plea of guilty; (4) denial of the right of compulsory process for witnesses; (5) he was questioned by police officers without benefit of counsel and (6) he was denied a preliminary hearing.

Appellant alleges that he was detained in the Jefferson County Jail from March 6, 1964 to December 13, 1965, a period of twenty-one months, without trial and was thus deprived of his constitutional right to a speedy trial. His allegation in this respect is patently false.

The record on appeal includes the arrest record of the Louisville Police Department which shows on its face that appellant was arrested March 29, 1965. The record on

appeal shows that he was indicted at the May 1965 Term of the Jefferson Circuit Court, was arraigned on June 3, 1965, his case was set for trial on June 25, 1965, and was continued until November 29, 1965, upon the motion of appellant and his counsel.

On November 29, 1965, appellant appeared in court in person and with counsel, withdrew his plea of not guilty and entered a plea of guilty.

◼ The bald assertion that appellant was denied trial for a period of twenty-one months does not overcome the presumption that the records of the proceedings against him are correct. These records show that his charge is patently erroneous and appellant was not entitled to an evidentiary hearing on that point. Carter v. Commonwealth, Ky., 404 S.W.2d 461 (1966).

◼ Appellant's allegations that he lacked adequate and effective assistance of counsel, that he was induced to enter a plea of guilty by trickery and that he was denied compulsory process for witnesses are insufficient because the petition does not allege any facts upon which his conclusions are based. Brooks v. Commonwealth, Ky., 447 S.W.2d 614 (1969).

◼ Appellant's contentions that he was denied a preliminary hearing and that he was questioned by police officers without benefit of counsel are not alleged to have been prejudicial to him and in view of his plea of guilty could not be said to be prejudicial to him. Quarles v. Commonwealth, Ky., 456 S.W.2d 693 (1970).

The appellant's motion did not entitle him to an evidentiary hearing and the order overruling his motion was proper.

The judgment is affirmed.

All concur.