**William Garland BROWN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 2, 1971.

John Tim McCall, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

William Garland Brown was convicted of armed robbery in 1961 and sentenced to life imprisonment. On October 28, 1970, the Jefferson Circuit Court denied post-conviction relief by a judgment, from which this appeal was taken. Appellant contends that he did not intelligently, understandingly, and competently waive his right to an appeal in 1961 and thus he is entitled to relief under RCr 11.42.

The trial court after a full evidentiary hearing determined that the appellant's right to a direct appeal was not violated so as to warrant a belated appeal. We concur.

Appellant was represented at his trial in 1961 by appointed counsel. He was represented by other appointed counsel on his motion to vacate. On this appeal his counsel has performed his representation of appellant in such a manner as to merit our commendation.

■ We agree that counsel appointed to represent an accused indigent has a duty to represent his client at the trial level and on appeal. Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883; Maye v. Commonwealth, Ky., 386 S.W.2d 731.

■ We also agree that an indigent defendant cannot be deprived of an appeal when such is desired even though the trial court or counsel has determined that no meritorious grounds exist for an appeal. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892.

■ In the instant case the trial court determined from all the evidence at the evidentiary hearing that the appellant was advised by his counsel that he could appeal the judgment of conviction and that he knew that he had the right of appeal. Appellant testified that his appointed counsel at his trial in 1961 told him "there wasn't no need appealing the case because I might get the chair, too." On cross-examination the appellant stated that he knew that he could have attempted to get another trial. The appellant is not exactly a stranger to the proceedings in a court of law. He had had one prior conviction for which he spent seven years in the penitentiary. He made no attempt to obtain an appeal upon his conviction of armed robbery, wherein he received life instead of the maximum penalty of death, until after his brother (who had been given a separate trial on the same charge prior to appellant's trial and had received the death sentence) successfully appealed his conviction and on another trial received a life sentence. Appellant made his choice at the conclusion of his trial in 1961 and determined not to seek a new trial or an appeal.

We agree with the trial court that appellant had able representation at the trial level and did intelligently, understandingly, and competently waive his right to a direct appeal.

The judgment is affirmed.

All concur.