**702**

**Pete DAVIS, Petitioner,**

v.

**Honorable W. R. KNUCKLES, Judge, Bell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

April 2, 1971.

Pete Davis, pro se.

MILLIKEN, Chief Justice.

Petitioner alleges that (1) his motion to vacate judgment filed on or about February 1971 has not been ruled on within "the twenty day time limit" required by the rules of the court, and (2) he has not yet received an evidentiary hearing to which he is entitled. There is no response.

Petitioner is one of many prisoners seeking relief who have the misconception that the twenty days given to the Commonwealth by RCr. 11.42 in which to serve an answer is a time limit on the circuit judge in deciding the case. There is no specific time limit within which an RCr. 11.42 motion must be ruled on. (However, if the trial court takes too long in ruling, this court may grant mandamus. See Flatt v. Wilson, Ky., 385 S.W.2d 172, 173 (1964), involving periods of around five to six months delay.) Merely from February until March is not an unreasonable delay.

In regard to the evidentiary hearing, one moving to vacate a judgment of conviction is not entitled to a hearing if his motion on its face does not allege facts which, if true, render judgment void. Maggard v. Commonwealth, Ky., 394 S.W.2d 893 (1965); Lairson v. Commonwealth, Ky., 388 S.W.2d 592 (1965); Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965). Since petitioner does not state on what grounds he based his motion for post-conviction relief, this court is unable to determine that he is entitled to a hearing, and thus must deny a petition for writ of mandamus. It is so ordered.

All concur.