Dennis Ray ARMOUR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 18, 1973.

Dennis Ray Armour, pro se.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

This is an appeal from a judgment denying an evidentiary hearing and refusing to vacate a judgment of conviction under RCr 11.42.

On September 12, 1972, Dennis Armour appeared with counsel in open court and by agreement was permitted to enter a guilty plea to the offense of voluntary manslaughter, although he had been indicted for murder.

On December 31, 1971, Armour, while in a drunken rage, beat a sixteen-month-old child to death. After his arrest he was confined in Central State Hospital for psychiatric evaluation. The medical report from the hospital reads in part as follows:

"Disposition and Condition on Discharge: Mr. Armour suffered from mental disease or defect at the time of his alleged offense. He did not understand and was unable to understand that he was violating the law. His psychotic manifestation is now in remission as well as his depression. He is now competent to stand trial. He knows the consequences and responsibility of his actions and can aid in his defense."

The court conducted a rather extensive and comprehensive examination of Armour relative to the voluntariness of his plea. Armour, in his 11.42 proceeding, seeks to have the judgment of conviction set aside because his plea of guilty was not voluntary in that he was not mentally capable of entering such a plea at the time. He also claims that he had ineffective representation by counsel.

The record entirely refutes every claim advanced by Armour. As stated above, the trial court carefully examined him at the time of the entry of his plea, and at that time Armour stated to the court that he was fully aware of the consequences of the plea, that he was pleading guilty because he was guilty, and that he was fully satisfied with the representation that he had received from appointed counsel as well as counsel retained by his mother.

Armour was not entitled to an evidentiary hearing upon his motion. Bruner v. Commonwealth, Ky., 459 S.W.2d 138 (1970); Quarles v. Commonwealth, Ky., 456 S.W.2d 693 (1970); Cox v. Commonwealth, Ky., 465 S.W.2d 76 (1971). Cf. West v. Commonwealth, Ky., 494 S.W.2d 749, decided May 4, 1973.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.