**Festus TRICE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1982.

Jack Emory Farley, Public Advocate, William C. Ayer, Jr., Deputy Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

HOWARD, Judge.

Trial court denied appellant's motion to vacate the judgment herein pursuant to RCr 11.42. On appeal, the appellant alleges error in the trial court's failure to conduct an evidentiary hearing into the allegations that appellant unwillingly waived his right to appeal.

Appellant was convicted of murder in the trial court and was sentenced to imprisonment for a period of twenty years. Under the facts of the case it appears that the sentence meted out by the jury was mild since the murder was accompanied by a robbery of the murder victim and was particularly brutal.

Perhaps the relative mildness of the sentence prompted the attorney for the appellant to recommend to him that no appeal be taken. The record reflects that the appellant signed a waiver of the right to appeal.

The waiver contains this paragraph:

That on the 14th day of May, 1980, the Court advised the Defendant of his right to appeal and of the right to apply for leave to appeal in forma pauperis should the Defendant be unable to pay the costs of an appeal or employ counsel, and to have the continued assistance of counsel to perfect and prosecute the appeal.

Trice's signature is on the body of the waiver as well as under a separate paragraph that avers that the waiver was read to him. Festus Trice's signature appears directly below a sentence that reads as follows: "I hereby acknowledge that I fully understood what this waiver of right to an appeal means."

It appears to us that the appellant's rights were fully protected by the trial court. It would have served no useful purpose to have conducted an evidentiary hearing on appellant's 11.42 motion. The appellant would have testified that he did not understand what he was doing when he signed the waiver. This contention flies in the face of what is contained in the record and we feel that it is absolutely without merit.

When, as in this case, the petition for relief does not state grounds upon which relief may be granted, and the record clearly refutes the allegations propounded in the petition to vacate, the petition may be properly dismissed without an evidentiary hearing. *Glass v. Commonwealth*, Ky., 474 S.W.2d 400, *Bruner v. Commonwealth*, Ky., 459 S.W.2d 138 (1970).

*Lay v. Commonwealth*, Ky., 506 S.W.2d 507, 509 (1974).

The judgment of the trial court is affirmed.

All concur.