RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1460-MR

DAJUAN MALONE                                                    APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 13-CR-000698

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE:  Dajuan Malone appeals *pro se* from the Jefferson Circuit

Court's order denying the motion to vacate his sentence pursuant to RCr[1] 11.42.

We affirm.

---

[1]  Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

A full history of this case may be found in the Kentucky Supreme Court's unpublished memorandum opinion stemming from Malone's direct appeal.[2] The Jefferson County grand jury charged Malone with a number of offenses relating to an incident in which he shot the victim, Marc Azerot, in the stomach. Malone was tried first on a severed charge of first-degree assault. After the jury found him guilty, but prior to the sentencing phase, Malone negotiated a plea whereby he agreed to serve twenty-years' imprisonment on the assault conviction and its accompanying persistent felony offender (PFO) charge. In exchange, the Commonwealth dropped Malone's remaining severed charges. Malone also agreed to surrender his right to appeal as part of the negotiated plea.

However, approximately two weeks later, Malone moved the trial court to allow him to withdraw his guilty plea. Malone contended his plea was not knowingly or intelligently made because he was stressed and did not understand what he was signing. The trial court denied the motion, and Malone appealed from that denial. On direct appeal, the Kentucky Supreme Court held "the trial court properly denied Malone's post-judgment motion to withdraw his plea" on grounds the plea was not made "under circumstances of fear, deceit, or coercion." *Malone*, 2018 WL 897085, at *2. The Supreme Court also held that, even if Malone had

---

[2] *Malone v. Commonwealth*, No. 2015-SC-000699-MR, 2018 WL 897085 (Ky. Feb. 15, 2018).

asserted proper grounds to withdraw his plea, the trial court had lost jurisdiction over the case because the motion was filed more than ten days post-judgment. *Id*. at *3.

On April 25, 2018, Malone filed a *pro se* motion to vacate his sentence under RCr 11.42. When seven months passed without activity, Malone began writing the circuit court clerk and the trial court requesting status updates on his motion. Finally, in February 2019, the trial court ordered the Commonwealth to respond to the motion within thirty days. After considering Malone's motion and the Commonwealth's response, the trial court entered an order denying relief on July 19, 2019. This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (citations and internal quotation marks omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). We review counsel's performance under *Strickland de novo*. *McGorman*, 489 S.W.3d at 736.

Malone presents four arguments on appeal. First, he contends his trial counsel was ineffective for failing to object to the purported inability of the jurors to hear testimony. On the second day of trial, the Commonwealth presented several eyewitnesses as part of its case-in-chief, at least two of whom were reluctant to testify and spoke at a low volume. The trial court admonished the witnesses several times to speak clearly and directly into the microphone. The next morning, as the jury entered the courtroom, the bailiff informed the trial court

-4-

that the jurors said they could not hear the witnesses. The trial court then spoke to the jury, stating that he and the attorneys would remind witnesses to speak up. Additionally, if any juror should have difficulty hearing a witness, the juror should raise a hand and so inform the court.

Malone now contends his trial counsel should have objected and asked the trial court to recall the witnesses in order to present the witness testimony to the jury again. The Commonwealth argues this argument fails due to a lack of specificity. We agree. RCr 11.42 requires the movant to "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (quoting RCr 11.42(2)). Failure to do so "warrant[s] a summary dismissal of the motion." *Id.*

Malone fails to point out which witnesses' testimonies were not heard by the jury. Furthermore, he fails to identify how any of the Commonwealth's witnesses' testimony, if repeated, would have resulted in anything other than a guilty verdict. "[T]hreadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). Because Malone's argument fails to satisfy the specificity requirement of RCr 11.42, we discern no ineffective assistance of counsel requiring reversal.

In Malone's second argument on appeal, he contends the trial court abused its discretion in considering the Commonwealth's allegedly untimely response to his RCr 11.42 motion. Malone argues the Commonwealth is bound by RCr 11.42(4), which provides "the Commonwealth's attorney shall have 20 days after the date of mailing of notice by the clerk to the Commonwealth's attorney in which to serve an answer on the movant." Because the Commonwealth did not serve an answer within twenty days of the RCr 11.42 motion, Malone argues the trial court should not have considered the Commonwealth's arguments in the response it filed nearly a year later.

Malone's argument is fundamentally flawed. First, the Commonwealth is not obligated to respond to an RCr 11.42 motion. *Maggard v. Commonwealth*, 394 S.W.2d 893 (Ky. 1965). When an RCr 11.42 motion fails to present a ground for relief on its face, no response is necessary. *Roark v. Commonwealth*, 404 S.W.2d 22, 23 (Ky. 1966). Next, the Commonwealth correctly points out that the timing provision of RCr 11.42(4) is triggered by the clerk's notice to the Commonwealth's attorney, but there is no evidence in the record that the clerk sent such a notice. When there is no proof in the record that the clerk sent notice to the Commonwealth's attorney, the timing provision of RCr 11.42(4) is not implicated. *Mills v. Commonwealth*, 170 S.W.3d 310, 324 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151

(Ky. 2009). In addition, "it is unclear that the trial court would have been required to strike the Commonwealth's response if it had been filed late. Such a decision would have been within the trial court's sound discretion." *Id*. at 325. Here, the Commonwealth filed its response to Malone's motion at the request of the trial court. The trial court did not abuse its discretion when it considered arguments in a response which it requested.

In Malone's third argument on appeal, he contends the trial court abused its discretion in not permitting him to withdraw his guilty plea. This argument was considered and rejected by the Kentucky Supreme Court in Malone's direct appeal. "An issue raised and rejected on direct appeal may not be relitigated in [RCr 11.42] proceedings by simply claiming that it amounts to ineffective assistance of counsel." *Prescott v. Commonwealth*, 572 S.W.3d 913, 922 (Ky. App. 2019) (citations omitted). "Where the collateral ineffective assistance of counsel claim is presented in the course of the direct appeal . . . the issue cannot be re-litigated in a collateral attack." *Leonard*, 279 S.W.3d at 158 n.3. As a result, we will not consider Malone's argument concerning the withdrawal of his guilty plea.

In Malone's fourth and final argument on appeal, he contends he suffered prejudicial effect as the result of the cumulative errors in his case. However, none of Malone's individual arguments identified any prejudicial errors.

"Where, as in this case, however, none of the errors individually raised any real question of prejudice, we have declined to hold that the absence of prejudice plus the absence of prejudice somehow adds up to prejudice." *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010) (citing *Furnish v. Commonwealth*, 95 S.W.3d 34 (Ky. 2002)).

## III.  CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's order denying relief under RCr 11.42.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Dajuan Malone, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky