RENDERED: JULY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1074-MR

JORDAN WILLIAMS          APPELLANT

v.      APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE LARRY ASHLOCK, JUDGE
ACTION NO. 21-CR-00568

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. JONES, JUDGES.

COMBS, JUDGE: Jordan Williams, *pro se*, appeals an order of the Hardin Circuit Court denying his motion for post-conviction relief filed pursuant to the provisions of RCr[1] 11.42. In his motion for relief, Williams alleged that he was denied effective assistance of counsel. On appeal, he argues that the circuit court erred by

---

[1] Kentucky Rules of Criminal Procedure.

failing to conduct an evidentiary hearing before ruling on his motion. After our review, we affirm.

On March 27, 2021, Williams was indicted for complicity to murder; first-degree robbery; abuse of a corpse; and tampering with physical evidence. With the assistance of counsel, he negotiated a plea agreement whereby the Commonwealth would recommend the minimum sentence for each charge in exchange for his admission of guilt and his agreement to provide truthful testimony against his co-defendants.

During his plea colloquy conducted under oath, Williams specifically affirmed an extensive statement of facts included in the plea agreement. He agreed that the facts as presented accurately detailed his participation in the planned robbery. He admitted to procuring a handgun and luring the victim to a location where he was ultimately robbed, shot, and killed. Williams indicated to the court that he was not under the influence of any substance, that he was thinking clearly, and that he was literate. He indicated that he was satisfied with his attorney's advice and did not suggest that he wanted his attorney to do anything further.

The court explained Williams's rights as a criminal defendant, and Williams acknowledged that he was giving up those rights by pleading guilty. Williams further agreed that he knew what he was doing by pleading guilty; that he felt that doing so was in his best interest; and that no one had coerced him into

pleading guilty or made any promises to him for pleading guilty. The trial court accepted Williams's guilty plea and scheduled final sentencing for December 6, 2022. He made no attempt to withdraw the plea. The court's final judgment was entered on February 10, 2023. Williams was sentenced in accordance with the Commonwealth's recommendation to serve twenty years in the penitentiary.

Four months later, Williams filed an extensive motion to vacate his conviction. He alleged that his counsel failed to investigate the matter; failed to prepare for trial; and coerced him to accept the terms of the plea agreement. He also argued that the evidence was insufficient to support a conviction if he had proceeded to trial. Williams requested an evidentiary hearing.

By its order entered August 15, 2023, the circuit court denied Williams's motion for relief. The court concluded that his plea colloquy was sufficient to show that the plea was entered of his own accord and that the plea waived any complaints about the sufficiency of the evidence to support the charges to which he pleaded guilty. It concluded that Williams's conclusory allegations that his counsel was ineffective warranted denial of the motion without an evidentiary hearing. This appeal followed.

On appeal, Williams contends that the circuit court erred by denying his motion for relief without conducting an evidentiary hearing. He contends that

his counsel's performance was ineffective to the point of rendering his guilty plea invalid and, therefore, that his plea should be vacated.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court held as follows:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Where a defendant has pled guilty, he must satisfy the "prejudice prong" of the *Strickland* test by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985), *accord Bronk v. Commonwealth*, 58 S.W.3d 482 (Ky. 2001).

When ruling on a motion filed pursuant to RCr 11.42, a trial court must determine "whether the allegations in the motion can be resolved on the face of the record, in which event an evidentiary hearing is not required." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). The motion must "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." RCr 11.42(2). A trial court

must dismiss an RCr 11.42 motion that lacks the requisite specificity. *Id.* When addressing a trial court's denial of an RCr 11.42 motion, we review a trial court's factual findings for clear error and its application of law to the facts *de novo.* *Stiger v. Commonwealth*, 381 S.W.3d 230 (Ky. 2012).

First, Williams argues that the circuit court erred by granting the Commonwealth's motion for an enlargement of time in which to file a response to his motion for post-conviction relief. We disagree.

Williams filed his extensive motion on June 14, 2023. On June 27, 2023, the Commonwealth filed a motion for an extension of 30 days in which to file its response. On July 11, 2023, the circuit court granted the Commonwealth's motion. Williams did not file a motion opposing the Commonwealth's motion before it was granted by the court.

The provisions of RCr 11.42 allow the Commonwealth 20 days in which to respond to a motion for post-conviction relief. However, the Commonwealth is not **required** to respond. *Maggard v. Commonwealth*, 394 S.W.2d 893 (Ky. 1965). In this case, within 20 days, the Commonwealth filed a motion for a 30-day extension. The motion was made pursuant to RCr 1.10, which provides that a trial court may, within its discretion, order an enlargement of time. The Commonwealth provided valid reasons for its request for additional time to

respond to Williams's motion. The trial court did not abuse its discretion by granting the Commonwealth's request. There was no error.

Next, Williams argues that the circuit court erred by denying his motion for relief without an evidentiary hearing. Again, we disagree.

Williams's motion failed to satisfy the requirements of RCr 11.42; it was not sufficiently specific for the trial court to find that an evidentiary hearing was necessary. In his motion, Williams indicated that "material facts and witnesses will all show" that his attorney failed to provide proper assistance. He contended that testimony of family and witnesses would show that he was innocent of the charges and that "clear evidence of exculpatory value was refused and omitted" because he was plainly not the shooter and had no intention of promoting or facilitating the murder. However, to the extent that any of this testimony would be deemed relevant under the circumstances, Williams failed to provide the names of any "family and witnesses." Williams's assertions were not sufficiently specific to warrant an evidentiary hearing.

Moreover, if we were to conclude that Williams made a sufficient showing under the "performance prong" of *Strickland*, Williams failed to demonstrate that he was prejudiced by his guilty plea. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment . . . any deficiencies

in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 691-92.

Williams failed to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 58-59. Under the circumstances, he could not persuade the court that a decision to reject the plea bargain would have been rational under the circumstances. Williams's decision to plead guilty in this case guaranteed that he would be sentenced to twenty-years' imprisonment. If he had insisted on going to trial, Williams risked being sentenced to the maximum penalty on each charge.

He freely admitted that he procured the handgun and lured the victim to the location where he was robbed, shot, and killed. An inmate housed with him in the Bullitt County Detention Center provided incriminating testimony to Kentucky State Police and to the ATF. Williams's social media posts and photographs stored on his phone showed him wearing the victim's clothes, flashing the victim's money, and showing off the victim's vehicle after the murder. In light of compelling evidence, Williams cannot show that proceeding to trial would have been a rational decision. Consequently, Williams failed to prove that he was prejudiced by any deficiency in his counsel's performance.

We affirm the order of the Hardin Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Jordan Williams, *pro se*
Brandenburg, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky