**Jim THACKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

James S. Golden, James C. Helton, Julian H. Golden, Pineville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Appellant was indicted and convicted of the crime of malicious shooting at without wounding another with intent to kill, and was sentenced to six years' imprisonment under KRS 435.170, which authorizes imprisonment from two to twenty-one years for those convicted. His counsel for trial

was appointed by the court, apparently because Thacker was indigent.

The shooting occurred in Bell County on March 16, 1956, the indictment was returned on January 14, 1957, and counsel was appointed for Thacker three days before his trial. Immediately before the trial and on the same day, counsel for Thacker filed motions for a change of venue and for a continuance, both of which were overruled. With the latter motion counsel filed an affidavit which stated, in substance, that he had been appointed by the court three days before and had spent what time he had been able to give the case preparing his motion for a change of venue; that he had had no time for anything else with respect to Thacker's case, and he was, therefore, not ready for trial.

We start off with the admitted fact that Thacker fired into the car of Deputy Sheriff Howard Johnson for no apparent reason. The deputy was returning to Middlesboro after driving out a short distance only to discover that a bridge he was going to cross was blocked. He saw Thacker and the driver of Thacker's car approaching from the opposite direction. As they passed each other, the deputy heard a loud report and stopped. He discovered that his car had a bullet hole in it about four inches to the rear of the driver's seat. He then went into town and told his story to the police, who then arrested Thacker. Thacker testified that "We seen a car coming and I recognized Howard Johnson (the deputy sheriff), and all of a sudden I flew mad and blasted one into the car." He denied that he shot at Johnson, but said he merely shot at Johnson's car.

There is no other direct testimony concerning the intention of Thacker at that moment, and counsel contends on this appeal that the court did not instruct on the whole law of the case because there was no instruction given on the lesser offense of reckless shooting into a motor vehicle, as set forth in KRS 435.200. The jury was given an instruction on malicious

shooting, without wounding, with intent to kill, and an instruction on shooting in heat of passion, but not one on reckless shooting. The shooting here was not reckless, it was intentional, so no instruction on reckless shooting was justified. Furthermore, the penalty for shooting into an occupied automobile under KRS 435.170(4) is the same as the penalty for wilfully shooting at another person without wounding under KRS 435.170(1), so it makes no practical difference whether Thacker shot at the car or at the deputy sheriff so far as the question of prejudicial error in the instruction is concerned. Although the argument of the prosecution was not proper in some respects, no objection to it was made in time to correct it, so we do not reach it here.

Thacker's most challenging argument is founded on his assertion that the trial court abused its discretion when a continuance was refused. In Davis v. Commonwealth, 310 Ky. 360, 220 S.W.2d 844, 845, this court reversed a murder conviction because the trial court refused to grant a continuance to appointed counsel who had but eight days in which to prepare his client's case, while the busy appointed counsel in the case at bar had only three days. We concur in what was said in the Davis case about affording appointed counsel adequate time to prepare for trial, but wish to emphasize what also was said there:

"* * * the trial judge has great discretion in the matter of granting a continuance, and a judgment of conviction will not be reversed for a refusal to do so unless it appears that that discretion was abused from a judicial standpoint or that the subsequent course of the trial and the result show that a fair trial was not had because of it."

In the case at bar, we have an admitted criminal act committed, so far as the evidence suggests, without mitigating circumstance. The guilt of Thacker is clear, the penalty of six years is proportionate to the callousness of the offense, and it is our conclusion that Thacker had a fair trial.

The judgment is affirmed.