**Geneva STIVERS et al., Appellants,**

v.

**Bates SAMUELS et al., Appellees.**

Court of Appeals of Kentucky.

May 19, 1967.

Athol Lee Taylor, Thomas L. Waller, Taylor & Pike, Shepherdsville, for appellants.

T. C. Carroll, Tom B. Givhan, Shepherdsville, for appellees.

EDWARD P. HILL, Judge.

Appellees Bates Samuels and Flora E. Samuels, his wife, plaintiffs in the trial court, brought this action to quiet title to their 123-acre tract of land in Bullitt County, joining as defendants Geneva Stivers, owner of land to the east, Earl Sansbury and his wife, Lidivina Sansbury, owners of land to the north, and Arthur Lose, Jr. and his wife, Dorothy Lose, owners of land to the south. Also named as defendants were all classes of unknown defendants, unknown children, unknown transferees, unknown assignees, and all defendants claiming or having any interest in the Samuels land.

A warning order attorney was appointed for the unknown parties. Mr. and Mrs. Lose then filed their answer and cross-claimed against Mrs. Stivers. Thereafter, plaintiffs filed an amended complaint joining as additional defendants the children of Geneva Stivers alleging that said children were joint claimants with their mother as devisees under the will of their deceased husband and father, Jessie Stivers. Five of the eight children were infants, and plaintiffs asked that a guardian ad litem be appointed. However, no such appointment was made.

An answer to this complaint as amended and to the cross-claim of the Loses, a counterclaim against the plaintiffs, and a cross-claim against the Loses were filed for Mrs. Stivers and her eight children by their attorney. Both the counterclaim and the cross-claim have been denied by proper pleadings.

After proof was taken over an extended period, plaintiffs moved for submission and for judgment as demanded in their complaint. Following this, the chancellor notified attorneys for the Samuelses, Loses, and Stiverses by letter that the plaintiffs should have their boundary lines established according to certain recent surveys designated Plaintiffs' Exhibits B and C and title quieted, stating that the Stiverses could not "assert ownership because of weakness of another's title but only on the strength of their title" and that the Stiverses "had failed to show a superior title to the disputed land." Judgment without findings of fact or conclusions of law was entered

declaring the Samuels and Lose boundaries according to their demands, restraining the Stiverses from claiming the land or going thereon as shown on Exhibits B and C, and continuing the cause for determination of damages. Thereafter on motion of the Stiverses, separate findings of fact and conclusions of law were entered. Again the only conclusion of law reached by the chancellor was: "The Court finds the law of this case to be title to real estate cannot be asserted because of weakness of another's title but only on the strength of claimant's own title."

The testimony of the witnesses is not clear or to the point and is of little assistance to the court. This court is further hindered on this appeal by the generalities of the chancellor in his findings of fact and the lack of particular findings on which those generalities were based.

The records indicate parties to this appeal derived title to their respective lands as follows: (1) Appellees Bates and Flora E. Samuels by deed dated August 14, 1948, from Willie Lee Samuels and wife; (2) appellees Arthur Lose, Jr. and Dorothy Lose by deed dated August 17, 1961, from Newt Currens, whose last name also appears in the record as "Kearns" and "Currnes"; (3) appellants Geneva Stivers and her children obtained their title through the will of Jessie Stivers, who died testate on January 22, 1958, said Jessie Stivers, deceased, having obtained title from George A. Martin by deed dated December 7, 1945.

It should be noted that title to and possession of the Samuels land has been in the Samuels family continuously for more than seventy years. It is also of importance that the Lose and Stivers lands were once parts of a common tract originally owned by S. B. Simmons and subsequently by Lula Cochran, who was the common grantor of the separate tracts of Lose and Stivers. The deeds to these separate tracts from Lula Cochran are of special importance in this litigation as will hereafter be noted.

There are four plats in this transcript, to wit: (1) Plaintiffs' Exhibit B—N. T. Currens tract of 116.46 acres based on a survey by Curtis Ochs, Jr., surveyor, on July 3, 1961; (2) Plaintiffs' Exhibit C—Bates Samuels tract showing the division lines of the Samuels, Lose, and Stivers lands based on a survey by Curtis Ochs, Jr., surveyor, on April 3, 1961; (3) Plaintiffs' Exhibit F, which is an exhibit taken from an older action styled Simmons v. Samuels and which purports to be a line survey by J. W. Stark, surveyor, dated November 8, 1894, indicating the location of the division line between Samuels and Simmons lands and which line is designated as line B–A, 136⅜ poles in length; and (4) an unscaled drawing by one of the Stivers children purporting to depict the boundaries claimed by Mrs. Stivers and her children.

The Samuelses and the Loses have agreed that the division line indicated as line B–A on Plaintiffs' Exhibit F is now properly indicated on Plaintiffs' Exhibits B and C as the 2254-foot line running S. 83° 30′ W. The Samuels land would be north of this line and the Lose land south of it. The chancellor made no particular finding of fact concerning this line or any other of the disputed lines, except to conclude generally that the lines "have been established by the evidence as shown by Exhibits B and C and the description of the Samuels tract and Lose tract." These descriptions, based on the surveys, are set forth in the pleadings and in the judgment.

On this appeal, the appellants seek a reversal of the judgment for the reason that: (1) No guardian ad litem was appointed for the five infant Stivers children; (2) there was no preliminary proof of accuracy of the plaintiffs' surveys, Exhibits B and C; (3) the appellees have not shown that their lands are embraced within the boundaries of their surveys; (4) because of the lack of proof or the uncertainty thereof, the doubt should be resolved against the plaintiffs; (5) plaintiff must recover on the strength of his own title and not on the weakness of the defendants' titles.

■ This court can find no merit to appellants' contention that the surveys by Ochs should not have been considered for lack of preliminary proof of accuracy. In the first place, both surveys were received in evidence without objection, and the witness Ochs, a qualified surveyor, testified concerning them without objection. So far as this court can determine, their accuracy was not questioned prior to this appeal. For this reason, they should not be questioned now. We are, however, of the opinion that the surveys were admissible and that their accuracy as being surveys of what they purport to represent was proven. They were properly admitted to sustain the allegations of the appellees as to the proper location of the disputed boundary lines.

If there was an exhibit which was without any weight, it was the Stivers Exhibit 3, which was based on no accuracy whatsoever and was prepared by one without any qualifications or experience in the field of surveying or mapping.

Actually, the real issue on this appeal is whether there was sufficient proof on behalf of the appellees to justify the judgment of the trial court determining their boundaries as being those set forth on Plaintiffs' Exhibits B and C.

■ There was proof for the plaintiffs in the trial court to establish certain beginning points, such as: The remains of a stump marking the original point B of the 1894 plat (Exhibit F); the tree markings to the east of said stump which indicated a west to east line; the testimony concerning debris remaining from a rotted wooden fence forming two lines of the Ochs survey, Exhibit C; the testimony of Ochs as to the line indicated that trees had been cut to these lines; the corner of the Sansbury tract which all parties agreed as being evidenced by the marked poplar; and the testimony of the plaintiff Bates Samuels as to the use of the land within his side of said boundaries for timber cutting operations. Although the chancellor did not make specific findings on all the evidence,

as should have been the case, still said evidence together with other facts in the record herein would justify a finding by the trial court that the two surveys, Exhibits B and C, were properly shown to accurately depict the boundaries between the lands of the parties to this appeal, which in effect is what the chancellor found. Findings of fact should not be set aside unless clearly erroneous (CR 52.01), and we do not find the findings to be clearly erroneous.

Before passing this point, it should be noted that when the land of Mrs. Stivers and her children was deeded on December 7, 1934, by Lula Cochran to George A. Martin, their predecessor in title, there was a provision in the deed excluding from the land conveyed that part of the Cochran land which had been conveyed to N. T. Currens and wife on March 28, 1934. This latter deed from Mrs. Cochran to Currens described the land conveyed as being all of the grantor's land located south of the division line between Lizzie Samuels and Lula Cochran. Lula Cochran obtained her land from S. B. Simmons, and the division line was obviously the line referred to as line B–A running west to east as shown on Plaintiffs' Exhibit F. This was the line also established by this court years before in Samuels v. Simmons, 44 S.W. 395, 19 Ky. Law Rep. 1686. Jessie Stivers took only that land which had been deeded to George A. Martin; consequently, Mrs. Stivers and her children have never had any right of legal ownership in any land adjacent to the south of the Samuels' south line, which comprises the present land of Arthur Lose, Jr. and his wife. This fact must have been one basis for the chancellor's legal conclusion that the Stiverses had offered insufficient proof to sustain their own title.

■ Finally, the appellants seek on this appeal to have the judgment set aside as to the five children of Mrs. Stivers, for whom no guardian ad litem was appointed. CR 17.03(3), which provides that no judgment should be rendered against an infant until the party's guardian or guardian ad litem

makes a defense or files a report that no defense is available, is mandatory.

At the time of the appointment of the warning order attorney for the "unknown" parties, the Stivers children were unknown so far as the pleadings were concerned. The report of the warning order attorney undertook to file a report on behalf of the "unknown defendants." No mention was made in his report of the Stivers children.

It is concluded that those of the Stivers children who were under the age of twenty-one years on the date of the judgment were not properly before the court. As to them, the judgment must be reversed for such further proceedings as the parties may decide to pursue. The judgment is affirmed as to Geneva Stivers.

All concur.