**Willie ADAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1968.

Willie Adams, pro se, J. W. McKenzie, Earle W. Moffitt, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, William B. Arthur, Commonwealth's Atty., Ashland, for appellee.

STEINFELD, Judge.

In February 1960 Willie Adams was found guilty of armed robbery and his penalty was fixed at life imprisonment. On August 8, 1966, Adams petitioned to set aside his conviction and sentence. RCr 11.-42. From a judgment denying the relief he demanded this appeal was taken. We affirm.

On the 17th day of December 1959, a warrant was issued for Willie Adams and he was arrested on the 22nd day of December, 1959. An examining trial was held in the Boyd Quarterly Court on the 29th day of December, 1959. After indictment was returned on February 2, 1960, the case was brought on for trial on February 18, 1960. Mr. Morton Nickell, an attorney at law who was appointed by the court to defend the accused, entered a plea of "not guilty". Upon the calling of the case Mr. Nickell announced that he was not ready and he moved for a continuance because of the absence of Willard Adams, the only witness who could prove an alleged alibi. The motion was overruled and an affidavit prepared according to Criminal Code Sections 188, 189 (now RCr 9.04) was filed and read to the jury. The subpoena for Willard Adams was issued only two days before the trial. The return shows that the sheriff attempted to serve the subpoena but could not find the witness.

Adams claims that the falure to grant the continuance was such error that the post conviction relief should be granted and cites Lay v. Commonwealth, 186 Ky. 163, 216 S.W. 123 (1919) and Wilcher v. Commonwealth, 297 Ky. 36, 178 S.W.2d 949 (1944). The Commonwealth argues that both cases involved surprise due to the initial presence of the witnesses and their later absence during the trial.

■ The granting of a continuance is a matter within the sound discretion of the trial court which will not be interfered with unless it has been plainly abused and results in manifest injustice. Toler v. Commonwealth, 295 Ky. 105, 173 S.W.2d 822 (1943); Dunn v. Commonwealth, Ky., 350 S.W.2d 709 (1961) and Bagby v. Commonwealth, Ky., 424 S.W.2d 119 (decided February 2, 1968). There is an adequate record before us to enable us to fully consider this claim. We find no element of surprise and that due diligence was not used to secure the attendance of this important witness. The trial court did not abuse its discretion. Also see Vincennes Bridge Co. v. Poulos, 228 Ky. 446, 15 S.W.2d 271 (1929).

■ Adams says that the failure of counsel to appeal and to advise him of his right to appeal deprived him of rights guaranteed by the 6th and 14th Amendments of the Constitution of the United States. He contends that he did not have adequate representation by counsel or the equal protection of the law. He refers us to Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965) and Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966). Adams testified that his court appointed counsel informed him that in a few days he was leaving for government service and would not have time to appeal the case. He argues that if an appeal had been taken the failure of the trial court to grant a continuance would have resulted in a reversal. Since his counsel entered government service two weeks after the trial we have considered that and the other claims he makes as if presented on an appeal even though an RCr 11.42 proceeding is not a substitute for an appeal. Kiper v. Commonwealth, Ky., 415 S.W.2d 92 (1967). As above indicated we have rejected these contentions, therefore, if an appeal had been taken the judgment would have been affirmed.

The final contention is that Adams' counsel failed to advise him of his right to have

the jury kept together and without his approval, agreed that the members of the jury could separate. Section 244 of the Criminal Code then in effect provided that "On the trial of offenses which are or may be punished capitally or by life imprisonment the jurors after they are accepted, * * *" shall not be permitted to separate and shall remain "in charge of the proper officers", but separation may be permitted "by agreement of the attorney for the Commonwealth and the attorney for the defendant, with the approval of the trial judge, which shall be in open court and entered of record; * * * ". (This is now RCr 9.66).

In these proceedings Adams was asked and testified as follows:

"Q. Do you recall the Court asking you and your attorney if you wanted the jury kept together or if you wanted them separated?

A. No, I do not recall.

Q. Do you recall an agreement was made with the Commonwealth and you and your court appointed attorney that it was agreeable with the Commonwealth and you and your court appointed attorney for the jury to separate?

A. I do not recall anyone asking me that."

█ It should be noted that Section 244 of the Criminal Code required that an agreement to permit the separation of the jurors be made in open court and entered of record. Adams did not say that his counsel failed to inform him of his claimed right to insist upon the jurors remaining together, only that he did not recall. Furthermore, the criminal code authorized "the *attorney* for the defendant, with the approval of the trial judge" to make the agreement. (italics ours) A lawyer is not required to ask client to approve each procedural step he takes. Anglo-American Mill Co. v. Phillips, 236 Ky. 245, 32 S.W.2d 994 (1930); 7 C.J.S. Attorney and Client § 80 and subd. b, pp. 898–901.

Even though Adams does not claim misconduct the court in the present RCr 11.42 proceedings interrogated six of the jurors who served on the original trial and found that these jurors talked to no one about the trial while it was pending. The court found no misconduct. Howard v. Commonwealth, 24 Ky.Law Rep. 612, 69 S.W. 721 (1902); Kiper v. Commonwealth, supra.

█ The trial court heard and saw the witnesses, therefore, it is in a better position than this court to evaluate the testimony and the other evidence. Gates v. Gates, Ky., 412 S.W.2d 223 (1967). Its findings are included in the judgment. There is nothing that convinces us that they are clearly erroneous, therefore, we cannot set them aside. CR 52.01; Stivers v. Samuels, Ky., 415 S.W.2d 366 (1967); Burke v. Burke, Ky., 416 S.W.2d 724 (1967).

█ It is apparent that Adams was not prejudiced by the separation. Tunget v. Commonwealth, 303 Ky. 834, 198 S.W.2d 785 (1946).

The judgment is affirmed.

All concur.