Billy Ray **TURNER**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Sept. 22, 1972.

Elmer Cunnagin, Jr., Cunnagin & Cunnagin, London, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Justice.

This appeal is from a judgment of conviction of the crime of arson under which the trial jury fixed appellant's punishment at imprisonment for five years.

A number of questions are argued on this appeal, but the appellant's first argument, that he was entitled to a continuance, is the only one which appears to have any semblance of merit. It will not be necessary in this opinion to list or discuss the other four arguments presented by the appellant.

The indictment in the instant case was returned on October 11, 1971. On the same date, the defendant was arrested and imprisoned for inability to execute an appearance bond; and on this same date, the trial court appointed an attorney to represent the indigent defendant. The trial order appointing counsel did not mention the date the case was set for trial. In fact, there was no order entered assigning the case for trial. However, on October 15, 1971, the defendant was tried over his objection and after he had moved for a continuance.

The main ground upon which counsel for appellant relied for a continuance was that he had not had time to prepare for trial. He also argued that he had caused process to issue for a witness and the witness was not found.

In numerous cases in the past, this court has declared that the question of whether the defendant in a criminal case is entitled to a continuance rests in the sound discretion of the trial court. Williams v. Commonwealth, Ky., 464 S.W.2d 244 (1971), and Adams v. Commonwealth, Ky., 424 S.W.2d 849 (1968). In the instant case, if we do not count the day on which the trial court appointed an attorney to represent defendant and if we do not count the day of the trial, the attorney had only three days in which to investigate and prepare for trial. The trial judge when overruling appellant's motion for a continuance stated that the appellant's attorney "had ample time to prepare this case, been in Court here every day and the defendant has been readily accessible at all times (sic)." If counsel for the appellant was in court every day, it is difficult to understand how he could have had sufficient time to prepare for trial. Of course, it is possible that counsel could have been in court every day for lack of anything else to do, as a spectator seeking knowledge or experience, but this court should not indulge in the presumption that appellant's counsel was "in court every day" just for pastime. We appreciate the importance of speedy trial, but it is more important that the trial be fair.

It would seem as a matter of fundamental fairness to an indigent person charged with a crime that his appointed counsel should have a reasonable time in which to investigate the case and prepare for trial if he makes a seasonable request therefor. In the instant case, we conclude that the trial court abused a sound discretion in overruling the motion for a continuance. We are aware of prior decisions of this court in which shorter times between arraignment and trial were found not to be an abuse of discretion. The failure of the trial court to enter an order assigning the case for trial may contribute to distinguish this case from those cases in which this court has upheld convictions where the trial was held shortly after arraignment.

In Allen v. Commonwealth, 168 Ky. 325, 182 S.W. 176, this court reversed a conviction as a result of a trial held on the nine-

teenth day of a particular month pursuant to an order assigning the case for trial entered on the sixteenth day of the same month.

The judgment is reversed with directions to grant appellant's motion for a new trial.

STEINFELD, C. J., and MILLIKEN, PALMORE and REED, JJ., concur.

NEIKIRK and OSBORNE, JJ., do not concur.