**Larry TAYLOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

April 16, 1976.

Rehearing Denied Aug. 20, 1976.

Jack Emory Farley, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Appellant Larry Taylor was convicted of rape of a child under twelve years of age and sentenced to life imprisonment. He contends on this appeal that the trial court abused its discretion in refusing to grant a continuance.

An indictment under KRS 435.080 was returned against the appellant on July 25, 1974. Although an arrest warrant was issued on July 29, 1974, appellant was at that time incarcerated in a federal prison in Texas and he was not formally arrested until he was returned to London, Kentucky, on December 2, 1974. He was assigned counsel and arraigned on December 3, 1974, at which time trial was set for December 5, 1974.

On the trial date, appellant, through counsel, moved for a continuance on the basis that appointed counsel had only talked

with the appellant for two brief intervals and that he had been given insufficient time to prepare the defense and subpoena possible witnesses. His motion was denied.

RCr 9.04 specifies that a motion by the defendant for a postponement of the trial "may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. * * *."

Appellant's oral motion was not accompanied by the required affidavit. Moreover at no time, before, during or after trial did appellant specify any evidence bearing on appellant's guilt or innocence which might have been presented had a continuance been granted. Indeed there is no showing in the record that counsel could have presented any additional evidence had a continuance been granted.

▮ Inherent in the concept of right to counsel is a reasonable time and opportunity for counsel to prepare. *Roberts v. Commonwealth*, Ky., 339 S.W.2d 640 (1960); *Turner v. Commonwealth*, Ky., 485 S.W.2d 511 (1972). Nevertheless, the granting of a continuance is within the sound discretion of the trial court and a conviction will not be reversed for failure to grant a continuance unless that discretion has been plainly abused and manifest injustice has resulted. *Adams v. Commonwealth*, Ky., 424 S.W.2d 849 (1968); *Stewart v. Commonwealth*, Ky., 479 S.W.2d 23 (1972); *Thacker v. Commonwealth*, Ky., 306 S.W.2d 292 (1957).

▮ The evidence of the appellant's guilt was overwhelming. The defense admitted that the victim had indeed been raped. The appellant was identified by the victim as the man who attacked her and witnesses placed appellant and his car in the vicinity of the crime.

Not only did the victim positively identify the appellant but prior to his apprehension she described the clothes he was wearing as a blue Levi jacket, blue Levi breeches, a white tee shirt, a blue hat and red tennis shoes. When appellant was apprehended on another charge the night of the rape he was wearing a blue denim jacket and jeans and red tennis shoes.

Medical and scientific evidence also pointed strongly to the guilt of appellant. Appellant took the stand, denying commission of the crime, and presented his uncle as an alibi witness. The record does not indicate and appellant does not claim the existence of any other particular witnesses not called at trial who could have aided in the defense.

This court is unanimously of the opinion that defense counsel in a rape case is entitled to more than one day in which to prepare for trial. Conceding error in the denial of the continuance, we are not convinced from the showing made here that the error resulted in any manifest injustice in prejudice to appellant.

The defense presented was alibi. There is no suggestion in appellant's brief that had additional time been granted a different or more effective defense could have been presented. Only one witness, an uncle, supported appellant's alibi testimony although according to appellant's testimony several of his kinfolk were present with him on the afternoon in question. The names and addresses of these kinfolk were known to appellant and his counsel. The fact that no effort was made to secure their attendance as witnesses does not give much credence to the idea that they would have supported appellant's testimony. In the motion and grounds for new trial there is no allegation that any additional witnesses could have been obtained if more time had been granted nor does counsel suggest any way in which the grant of additional time would have been beneficial to appellant.

Under these circumstances we are not constrained to hold the failure to grant a continuance to be a prejudicial error.

▮ Appellant also argues that he was denied the opportunity to secure counsel of his own choice. We fail to see any merit in

this contention. Appellant never asserted that he had the funds to hire a private attorney nor did he tell the court he wanted to hire private counsel. The fact that the public defender is still representing appellant on appeal is further evidence that the appellant did not truly intend to retain private counsel.

■ Finally appellant claims he was prejudiced by improper questions addressed to him by the attorney for the Commonwealth. This argument is devoid of merit as well as unpreserved for judicial review. Although he now contends the Commonwealth's questions were calculated to inflame and prejudice the jury, he did not object to them at trial nor move for a mistrial or an admonition to the jury.

An examination of the entire record has disclosed no basis for reversal of the judgment.

The judgment is affirmed.

All concur except REED, C. J., and LUKOWSKY and PALMORE, JJ. LUKOWSKY, J., dissents and files a written dissenting opinion in which REED, C. J., and PALMORE, J., concur.

LUKOWSKY, Justice (dissenting).

I respectfully dissent from the opinion of my brothers. The alchemy by which they transmute an admitted flagrant abuse of judicial discretion into harmless error would do credit to a Merlin. This legerdemain is so expedient and appealing that I am required to expose the illusion lest the goddess of justice be transformed into a sorcerer's apprentice.

Although the crime was committed and the indictment returned several months prior to trial, counsel was not appointed until December 3, 1974. The trial began on December 5, 1974. If the day counsel was appointed and the day of trial are not counted, cf. *Turner v. Commonwealth*, Ky., 485 S.W.2d 511 (1972), counsel for appellant had one full day in which to prepare for trial of this serious offense.[1] To suggest that coun-

sel could investigate a crime occurring several months earlier, consult fully with the accused, seek discovery, interview prospective witnesses, examine and study medical and laboratory reports obtained by the prosecution, research the applicable law, prepare jury instructions, prepare his opening statement and summation, and plan a strategy of defense in one day is to ignore reality. *United States v. Miller*, 508 F.2d 444 (1974).

In *Nelson v. Commonwealth*, 295 Ky. 641, 175 S.W.2d 132 (1943), this court wrote:

" * * * The constitutional right of one charged with the commission of a crime to be represented by counsel necessarily includes time for adequate preparation. The right to be represented by counsel would amount to nothing if counsel for the accused is not allowed reasonable time to prepare his defense. *Adequate preparation by an attorney employed by one charged with a crime includes full consultation with his client, interviews with prospective witnesses, study of the facts and the law applicable thereto, and the determination of the character of defense to be made and the policy to be followed during the trial.* As said in *McDaniel v. Commonwealth*, 181 Ky. 766, 205 S.W. 915, 920: ' * * * especially is some reasonable time for study and preparation required of an attorney who assumes the burden of representing an accused who is charged with a capital offense and whose life may be the penalty of any mistake or want of information on the part of his counsel. An attorney is never called on to perform a more serious or solemn or difficult duty than when he undertakes to defend an accused who is charged with a capital crime, and * * * *no attorney, however capable or experienced he may be, can go into the trial of a capital case within a few hours after he has been first employed, and give to that case the skill and ability the accused is entitled to have at his hands.*'

---

1. This would have been a capital crime if it were not for the decision of the Supreme Court

of the United States in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

We have frequently said that while it is important that a trial of a criminal prosecution should be had as speedily as possible, yet '*it is more important that the trial should be fair than that it should be speedy.*' *Samuels v. Commonwealth*, 154 Ky. 758, 159 S.W. 575, 578. Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. In *Allen v. Commonwealth*, 168 Ky. 325, 182 S.W. 176, 180, Elihu Allen was indicted for the murder of Grover Blanton. The killing occurred on August 7, the indictment was returned on Monday, August 16, and the trial was set for and commenced on Thursday, August 19. The defendant was convicted, and *his punishment fixed at imprisonment for life.* The judgment was reversed principally on the ground that the trial court erred in refusing to grant a continuance. In the course of the opinion it was said:

"It is not of course indispensable when a motion for a continuance is made that the case should be continued until the next term of the court, or for any certain time. All that is required is that the accused and his counsel shall have such time as the nature of the case and the circumstances surrounding it appears to be necessary to enable them to prepare for trial. A postponement for a few days may answer this purpose, or if need be a special term may be called, and with the numerous circuit districts in the state there is no reason why the trial of any case should be unreasonably delayed.

"But *when a man stands charged with a capital offense, and may,* in the discretion of the jury, *be deprived of* his life or his liberty forever, it is of the highest importance that he should have such time and opportunity to make his defense as the grave nature of the accusation and its consequences demand, and under the unusual conditions shown by the record we do not think that the appellant was given this time and opportunity. It is true he had employed counsel to defend him, and it does not appear that any witness whose evidence he desired was absent from the trial. But *the mere presence of witnesses and the services of counsel is only a part of the preparation needed in important cases.* The accused may in some cases have every witness that he needed in the courthouse and be represented by able counsel, and yet not have the time for the preparation that he should be allowed in order to properly present his defense.

"In the case we have, three days after the indictment and ten days after the commission of the crime charged, the accused was put upon his trial, and it might be said that there were only two days intervening between the finding of the indictment on Monday and the beginning of the trial on the following Thursday morning. During all this time he was lodged in jail, and we think did not have the time for preparation that the law in *reason gives.* This court has in many cases emphasized its purpose not to permit technical errors to interfere with the execution of judgments rendered after a fair trial, and has time and again said that it would not reverse cases unless it appeared that the substantial rights of the accused were prejudiced by some ruling of the trial court. But we have also condemned in equally emphatic terms the disposition sometimes brought to our attention of trial courts to hurry the accused into the trial of a capital case without giving him reasonable time for preparation."

" * * * *Zeal to bring to prompt and proper punishment one guilty of so serious a crime as that charged in the present case must not be allowed to break down the constitutional guaranty of the right to counsel which includes the right to a reasonable time for counsel to prepare his client's defense. * * *.*"

Also see *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

I am not insensitive to the heinous nature of the crime perpetrated on the innocent young victim in this case. But the fact that the crime is so heinous is all the more reason that one accused of such a crime, who may be deprived of his liberty forever,

should be given adequate time and opportunity to prepare his defense.

As the Supreme Court of the United States said in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932):

"However guilty defendants, upon due inquiry, might prove to have been, they were, until convicted, presumed to be innocent. It was the duty of the court having their cases in charge to see that they were denied no necessary incident of a fair trial. * * *."

I do not think the appellant in this case was given time for adequate preparation or that this error can be considered harmless. The harmless error doctrine applies with diminished rigor when the right to counsel is at stake. *United States v. Robinson*, 502 F.2d 894 (1974). The right is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. See concurring opinion of Stewart, J. in *Chapman v. California*, 386 U.S. 18, 43, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Once the malignancy of inadequate preparation time is established its metastasis is subtle, unpredictable, unidentifiable and necrotic. The virulence of the disease demands the radical surgery of a reversal and a new trial. No court possesses the omniscience required to pronounce that it is satisfied beyond a reasonable doubt that such an error did not contribute to conviction.

The burden is not as my brothers imply, on the appellant to convince the court that this type of error resulted in manifest injustice to his prejudice. The burden is upon the appellee to satisfy the court beyond a reasonable doubt that such an error did not contribute to conviction. Since the mind of man is too imprecise to trace and measure the effect of this error in regard to every aspect of the trial with the required certainty, the decision of my brothers, like the peace of God, passeth all understanding.

The majority also relies on the failure of the appellant to comply with the affidavit requirements of RCr 9.04. Since defense counsel was asking for time to investigate the case, interview possible witnesses and prepare the defense, RCr 9.04 governing continuance on the ground of the absence of known evidence or witnesses is not applicable.

The judgment should be reversed and the case remanded for a new trial.

REED, C. J., and PALMORE, J., concur in this dissenting opinion.