Herman MAGGARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

May 20, 1977.

Jack Emory Farley, Public Defender, William M. Radigan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James M. Ringo, Deedra Benthall-Nietzel, Asst. Attys. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Maggard was indicted on November 14, 1975 for the offense of rape in the first degree. KRS 510.040(1). He was arraigned on November 17, 1975. He entered a plea of not guilty and his case was assigned for trial on March 16, 1976. At arraignment he was represented by Denver Adams who advised the court that Maggard would be represented at trial by Gary Crabtree. Both Adams and Crabtree are private counsel selected by Maggard.

On March 15, 1976 Maggard appeared in court without counsel and informed the court that he did not have counsel and had not retained Crabtree. The court immediately appointed the Public Defender, Ed-

mund Collett, to represent Maggard and reassigned the case for trial on March 17, 1976. At the time of appointment Collett was engaged in the trial of another case before the court, *Commonwealth v. Carlton Trice*. The trial of the Trice case consumed all of March 15 and did not end until sometime on March 16.

When Maggard's case was called for trial on March 17 Collett sought a continuance of the case on the ground that he had had insufficient time to prepare for trial. This motion was denied and the case proceeded to trial. Maggard was convicted and sentenced to twenty years imprisonment. He appeals.

In *Taylor v. Commonwealth*, Ky., 545 S.W.2d 76 (1976), this court expressed the unanimous opinion that defense counsel in a rape case is entitled to more than one day in which to prepare for trial and a majority of the court went on to hold that under the circumstances of *Taylor* the failure of the trial court to meet that standard constituted harmless error. In *Taylor* counsel was appointed on December 3 and the trial began on December 5. There was nothing in the record to show the commitments and activities of appointed counsel between the 3rd and the 5th. In this case the record discloses that Collett was engaged in trial on March 15 and 16. In *Taylor* medical and scientific evidence pointed strongly to guilt. In this case there is no medical or scientific evidence and the case resolves itself primarily into a swearing match between the victim and the accused.

No human being possessing the dedication and zeal required of an advocate could possibly engage in the trial of one criminal case and prepare for the trial of another. Collett's attention and energy were concentrated on the defense of Trice on March 15 and 16. There was no way he could keep faith with Trice and still prepare for the defense of Maggard on the 17th. In effect, the schedule for Collett prescribed by the trial court was such as to effectively deprive Collett of *any* time to prepare for the trial of Maggard.

When we consider that defense counsel in *Taylor* apparently had some time for preparation, that the conviction of Taylor was supported by medical and scientific evidence, and that neither factor is present in the case of Maggard, we are convinced that there is no rational foundation for the application of the doctrine of harmless error.

The trial court abused its discretion when it denied Maggard's request for a continuance. Because a new trial is required it is unnecessary that we comment upon the other assignments of error at length. However, we direct the attention of counsel and the trial court to Lawson, Kentucky Evidence Law Handbook, Secs. 6.00, 6.05 (1976), and point out that there is no reason in this case to instruct on sexual contact.

The judgment is reversed and the cause is remanded for a new trial.

All concur.