RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0794-MR

JEREMY EDWARD DEVERS          APPELLANT

               APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE A. C. MCKAY CHAUVIN, JUDGE
               ACTION NO. 20-CR-000605-001

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE: In this criminal case, a jury found Appellant, Jeremy Edward Devers (Devers), guilty of first-degree burglary, two counts of first-degree robbery, and possession of a handgun by a convicted felon. The trial court sentenced him to a total of 17 years. On appeal, Devers contends that his constitutional rights were violated when the trial court: (1) refused to grant a continuance and (2) allowed

the introduction of a cell phone data extraction report. He also contended that a proper foundation was not laid for introduction of the contested report.

The Commonwealth agrees with Devers's recitation of the underlying facts in his Statement of the Case. We do not repeat them here.

By an order entered on November 16, 2020, the case was set for trial on June 7, 2021. A final pretrial conference was scheduled for May 4, 2021.

On May 3, 2021, Devers's privately retained counsel, Rob Eggert, filed a motion for a continuance, explaining that Devers was currently serving a sentence in the Kentucky prison system as his parole had been revoked. Due to the pandemic, face-to-face visits were not permitted but were essential in this case. Attorney Eggert also explained that he had a scheduling conflict due to an oral argument in the United States Court of Appeals for the Sixth Circuit on June 10, 2021, over which he had no control.

The trial court heard the motion at the May 4, 2021, telephonic pretrial conference. Attorney Eggert explained that he was unable to meet face-to-face with his client through no fault of his own. The Commonwealth objected to a continuance, noting that it had to put on all the witnesses, that the victim was 83 years of age, and that, therefore time was of the essence. The Commonwealth observed that although circumstances had not been ideal, it knew from another case that it had with a different attorney concerning Devers that they had been able

to speak, and so "there is a capability of prepping this case with Mr. Devers." Again, COVID-19 constraints were a factor at this time.

Attorney Eggert reiterated that he had not been able to consult with Devers face-to-face. "That's absolutely essential to a case like this, and [inaudible] you go to trial and you can't even talk to your defendant face-to-face, I think that violates his right to counsel and I think my request is extremely reasonable." The court disagreed and explained that the case had been docketed for trial since November, that counsel basically had had eight months to prepare the case, and while it would have been better to meet face-to-face, it was not absolutely necessary -- not for someone with defense counsel's extensive experience or even for someone with far less experience. The court denied the motion.

Attorney Eggert then asked what to do about the Sixth Circuit argument over which he had no control. The court stated that it could schedule around that if need be -- but that it could not reschedule the trial. The court also offered to try and ask the Sixth Circuit to reschedule the argument. Defense counsel declined the offer, stating it would be a futile gesture. Defense counsel stated that he would have to do something and that he might even have to pay someone else to try the case. Again, the court denied the motion. The court explained that the case had been on the docket too long to request a continuance at essentially the eleventh hour, noting that it was considering its responsibility to

everyone else in the case as well.  On May 4, 2021, the trial court entered a written order denying the motion to continue.

On May 10, 2021, Attorney Eggert filed a renewed motion to continue the trial on grounds that after objecting to the continuance, the Commonwealth had filed supplemental motions of discovery, including letters from Devers's co-defendant which were inculpatory and implicated both Devers and his co-defendant.  The trial court heard that motion telephonically on May 14, 2021.  The assistant Commonwealth's attorney explained that "everything that [she] turned over is something that [she] came into possession of the day before [she] filed it."  She added that there was nothing "earth-shattering or that they really didn't know about before that would change the preparation as far as a defense -- no surprises."  By order entered May 17, 2021, the trial court denied the renewed motion as follows:

> 2. The timing of the disclosure of the investigative materials (i.e. CSU reports, ATF reports, and firearms functionality report body camera videos) included in the Commonwealth's most recent supplemental discovery response does not constitute a violation of the Commonwealth's obligations under the rules of discovery.  To the extent that it could be considered as such, the Defendants have not (and may not even contend that they have) suffered any prejudice as a result;
>
> 3. The timing of the disclosure of the materials that were only recently discovered and were not in the custody or control of the Commonwealth (i.e. letters from a

co-Defendant, and a hand-drawn map detailing the incident) is in no way a violation of the Commonwealth's obligations under the rules of discovery. Moreover, the disclosure of same is in no way prejudicial to the Defendants.

On May 19, 2021, Attorney Michael Goodwin filed a notice of entry of appearance as Devers's co-counsel.

On June 2, 2021, Attorney Goodwin filed a motion to continue the trial date: (a) to allow him to visit Devers in person, noting that the Department of Corrections was allowing such visits effective as of June 20, 2021; (b) to allow him to visit his terminally ill friend and former law partner; and (c) to allow Devers to have counsel of choice to represent him at trial. Counsel's accompanying declaration states that "[a] brief continuance is all that is necessary to achieve these objectives."

By an order entered on June 2, 2021, the trial court denied the third motion to continue "for reasons related to the pandemic or scheduling conflicts . . . . However, in light of the personal circumstances outlined in the motion," the court delayed commencement of the trial from June 7 until June 9, 2021.

At trial, the jury found Devers guilty of first-degree burglary, two counts of first-degree robbery, and possession of a handgun by a convicted felon. On June 17, 2021, the trial court entered its judgment and sentenced Devers to a total of 17 years in prison.

Devers appeals.  He first argues that his constitutional rights were violated when the trial court refused to grant a reasonable continuance.  The standard of appellate review of the denial of a motion for a continuance is abuse of discretion.

> Under RCr[1] 9.04, the trial court may, "upon motion and sufficient cause shown by either party, . . . grant a postponement of the hearing or trial."  The trial court's discretion under this rule is very broad, and the denial of a motion for a postponement or continuance does not provide grounds for reversing a conviction "'unless that discretion has been plainly abused and manifest injustice has resulted.'"  *Hudson v. Commonwealth*, 202 S.W.3d 17, 22 (Ky. 2006) (quoting *Taylor v. Commonwealth*, 545 S.W.2d 76, 77 (Ky. 1976)).  Whether a continuance is warranted in a particular case depends on the totality of the circumstances, *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky.1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001), but often important are the following factors to be considered by the trial court:
>
> > length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice.
>
> *Snodgrass*, 814 S.W.2d at 581.  Identifiable prejudice is especially important.  Conclusory or speculative contentions that additional time might prove helpful are

---

[1] Kentucky Rules of Criminal Procedure.

insufficient. The movant, rather, must be able to state with particularity how his or her case will suffer if the motion to postpone is denied.

*Bartley v. Commonwealth*, 400 S.W.3d 714, 733 (Ky. 2013).

Devers contends in light of Attorney Eggert's scheduling conflict, the denial of his motion for a continuance violated his constitutional right to be represented by counsel of his own choosing under the Sixth Amendment of the United States Constitution and Section 11 of the Kentucky Constitution.

> The Sixth Amendment protects "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)). Yet "the right to counsel of choice 'is circumscribed in several important respects.'" *Id.* (quoting *Wheat*, 486 U.S. at 159, 108 S. Ct. 1692). "Among those limitations is the trial court's discretion 'in balancing the right to counsel of choice against the needs of fairness' and 'the demands of its calendar.'" [*United States v. Powell*, 847 F.3d 760, 777 (6th Cir. 2017)] (quoting *Gonzalez-Lopez*, 548 U.S. at 152, 126 S.Ct. 2557).

*United States v. Trevino*, 7 F.4th 414, 428 (6th Cir. 2021).

At the time the motion was heard at the pretrial on May 4, 2021, when the conflict in Attorney Eggert's schedule was discussed, defense counsel **did not** make the argument that Devers would be denied the right to be represented by an attorney of his choice in the event that Eggert might have to pay another attorney to try the case. However, counsel has now asserted that argument in his appellate

brief.  The only mention of a violation of the right to counsel at the May 4, 2021, pretrial was *in the context of the inability to meet face-to-face*.  "Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court."  *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017).  Failure to raise an argument in the trial court precludes the ability to raise it before us on appeal.

Next, Devers contends that denial of the motion for a continuance due to counsel's inability to meet face-to-face with his client was arbitrary and that the trial court abused its discretion in denying the renewed May 10, 2021, motion for a continuance based upon alleged discovery violations.  However, Devers fails to identify any prejudice resulting from the denial of these motions.

"[T]he *Snodgrass* factors demand a showing of *identifiable* prejudice."  *Guffey v. Guffey*, 323 S.W.3d 369, 372 (Ky. App. 2010) (emphasis original).  As Commonwealth aptly states, "Devers' [*sic*] prejudice is a vague phantom, alluded to but never seen."  We agree.  In *Morgan v. Commonwealth*, 421 S.W.3d 388 (Ky. 2014), our Supreme Court affirmed the denial of a continuance where there was a lack of identifiable prejudice -- even where the first six *Snodgrass* factors weighed in favor of the appellant or were at least neutral.  In light of the lack of identifiable prejudice in the case before us, we cannot say that

the trial court abused its discretion so that manifest injustice resulted from the denial of the motions for continuance.

Devers's remaining arguments concern the testimony of Detective KilKelley at trial regarding a CellBrite data extraction report made from Devers's cell phone. Defense counsel objected on grounds of a lack of proper foundation and contended that counsel had not seen the records regarding the cell phone extraction.

Devers argues that the Commonwealth's discovery violation regarding the CellBrite report should have resulted in exclusion of the testimony, a continuance, or a mistrial. However, the trial court was satisfied from the representations made that the information was made available through discovery. We agree with the Commonwealth that there is no need for a lengthy discussion of discovery law here, that there was no discovery violation, and that there was no basis to grant the relief sought by Devers.

Devers's final argument is that the CellBrite report lacked proper foundation under Kentucky Rules of Evidence (KRE) 901[2] and that Det. KilKelley was not an expert nor was he able to authenticate the information on the report. "The standard of review of an evidentiary ruling is abuse of discretion." *Anderson*

---

[2] KRE 901(a) provides that: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

*v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007). The trial court overruled Devers's objections -- on the proviso that the detective could testify regarding the steps he took to obtain the report. Detective KilKelly did so. Thus, we find no abuse of discretion.

We affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky